UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHAWNA A. LEGER,** | * | **CIVIL ACTION NO.** |
| Plaintiff. | * | |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| | * | |
| **USAA CASUALTY INSURANCE** | * | |
| **COMPANY,** | * | **MAGISTRATE:** |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## USAA GENERAL INDEMNITY COMPANY'S
## NOTICE OF REMOVAL

Defendant, USAA Casualty Insurance Company ("USAA CIC"), respectfully removes the above-captioned action from the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, bearing Civil Action No. 2022-1996, to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. §§ 1332(a) and 1441.

## INTRODUCTION

1. On May 16, 2022, Plaintiff, Shawna A. Leger ("Plaintiff") filed her Petition for Damages ("Petition") in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. The state court action is captioned *Shawna A. Leger v. USAA Casualty Insurance Company*. A copy of the Petition is included as part of the state court record, the entirety of which is attached *in globo* as Exhibit "A."

2. Plaintiff alleges to own the residential property located at 7330 Polly Lane, Lake Charles, Louisiana. Petition at ¶ 6.

3. Plaintiff alleges that her property sustained damage during Hurricane Laura. Petition at ¶¶ 11-15.

4. The Petition names USAA Casualty Insurance Company ("USAA CIC"), a diverse, non-Louisiana citizen, as the only defendant. Petition at ¶ 3.

5. Plaintiff alleges that USAA CIC provided a policy of insurance (Policy No. 01602 27 58 90A), in full force and effect at the time of the event, that provides coverage for the alleged property damages. Petition at ¶ 6.

6. This action was filed in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, captioned *Shawna A. Leger v. USAA Casualty Insurance Company*, Docket No. 2022-1996, Div. "D."

7. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount in controversy for Plaintiff's claim, as demonstrated by Plaintiff's pre-suit demand estimate, exceeds the sum of $75,000, exclusive of interests and costs.

8. The 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, is a state court within the Western District of Louisiana.

9. USAA CIC has attached all pleadings filed in the record of the state court proceeding. *See* Exhibit "A," *in globo*.

## REMOVAL IS TIMELY

10. This notice of removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> . . .
> [If] the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
> 28 U.S.C. § 1446(b).

11. USAA CIC was served with this Petition through the Louisiana Secretary of State on June 3, 2022. *See* Notice of Service of Process, Exhibit "B." The Petition alleges compensatory, general, and all consequential damages in addition to bad faith penalties and attorneys' fees pursuant to Louisiana Revised Statutes 22:1892 and 22:1973. The petition does not state any amount-in-controversy.

12. Prior to filing suit, Plaintiff submitted an estimate prepared by KARRCPAU Consulting, LLC totaling $204,990.80. See KARRCPAU Consulting, LLC estimate attached as Exhibit "C." To date, USAA CIC, has paid Plaintiff $56,132.35.

13. USAA CIC timely files this removal notice within thirty (30) days of service of the Petition.

14. Plaintiff filed the Petition on May 16, 2022, as such, the original notice of removal is filed within a year of commencement of the action. A copy of the Petition is included as part of the state court record, the entirety of which is attached *in globo* as Exhibit "A."

## DIVERSITY JURISDTION

15. The Court has original diversity jurisdiction over Plaintiff's claims because the parties are completely diverse and because Plaintiff's alleged damages exceed $75,000, as demonstrated by Plaintiff's property damage estimate.

### *The Parties Are Completely Diverse*

16. Plaintiff owns residential property located at 7330 Polly Lane, Lake Charles, Louisiana. Petition at ¶ 6.  Plaintiff is domiciled in the Parish of Calcasieu, State of Louisiana. Petition at ¶ 2. Accordingly, Plaintiff is a citizen of Louisiana.

17. USAA CIC is a nongovernmental corporation organized and existing under the laws of the State of Texas, with its principal place of business in the State of Texas.  *See* USAA CIC's Louisiana Department of Insurance Profile, attached as Exhibit "D."

18. A corporation is a citizen of the state in which it has been incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

19. Accordingly, USAA CIC is a citizen of Texas for purposes of diversity jurisdiction.

20. Because Plaintiff is a citizen of Louisiana and USAA CIC is a citizen of Texas, complete diversity of citizenship exists between the parties.

### *The Amount in Controversy Exceeds $75,000*

21. USAA CIC, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  The removing party can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding*. Id.* at 1253-54.

22. Under Fifth Circuit precedent, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

23. A plaintiff's pre-petition settlement demand may constitute evidence of the alleged value of a plaintiff's claim. *See Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *5 (E.D. La. Dec. 29, 2014); *see also Creppel v. Fred's Stores of Tennessee*, Inc., 13-734, 2013 WL 3490927 (E.D. La. July 10, 2013) (denying remand where plaintiff's pre-petition settlement demand assessed the value of the case at $80,000); *White v. Allstate Ins. Co.*, No. 07-589, 2007 WL 1218024, at *1 (E.D. La. Apr. 24, 2007) (determining that plaintiff's demand established that the amount in controversy exceeded $75,000); *see also Mitchell v. Gov't Employees Ins. Co.*, 19-868, 2019 WL 1755854, at *1 (E.D. Mo. Apr. 19, 2019) (holding that a "verbal" settlement demand, supported by an affidavit, constituted summary judgment-type evidence sufficient to establish the amount-in-controversy).

24. Here, Plaintiff seeks damages under homeowners policy number 01602 27 58 90A, (the "policy"). The policy provides coverage limits of $239,000.00 for damage to dwelling, $23,900.00 for damage to other structures, and $179,250.00 for damage to personal property. *See* Policy Declarations, attached as Exhibit "E."

25. Although Plaintiff's Petition does not allege any amount-in-controversy, prior to suit, Plaintiff submitted an estimate prepared by KARRCPAU Consulting, LLC, totaling $204,990.80. See KARRCPAU Consulting, LLC estimate attached as Exhibit "C." To date, USAA CIC, has paid Plaintiff $56,132.35 under dwelling coverage.

26. Plaintiff's estimate of $204,990.80 minus policy's $4,780.00 deductible, and minus prior payment of $56,132.35 establishes that the amount-in-controversy on the contract claim alone is approximately $144,078.45.

27. ***In addition to*** the $144,078.45 in dwelling damage allegedly sustained during Hurricane Laura, Plaintiff seeks additional, unspecified monetary damages for other structures. Petition at ¶ 62 (b).

28. ***In addition to*** the $144,078.45 in dwelling damage allegedly sustained during Hurricane Laura, Plaintiff also seeks additional, unspecified monetary damages for personal property damages. Petition at ¶ 62 (b).

29. ***In addition*** to the $144,078.45 in dwelling damage and other unspecified monetary damages, Plaintiff also alleges that USAA CIC is liable for bad faith penalties and attorneys' fees. *See* Petition at ¶¶ 62 (c) and (d).

30. Under Louisiana law, bad faith penalties are assessed in accordance with Louisiana Revised Statutes 22:1892 and 22:1973. The penalty assessed under Louisiana Revised Statute 22:1973 when an insurer has breached its statutory duty of good faith and fair dealing is to be "an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C) (emphasis added). The penalty assessed under Louisiana Revised Statute 22:1892 when an insurer is fifty percent of the difference between the amount paid and the amount found to be due, as well as attorneys' fees. La. R.S. 22:1892(B)(1) (emphasis added). Accordingly, Plaintiff seeks to recover double the damages sustained and/or fifty percent of the amount Plaintiff alleges is due ($144,078.45) plus attorneys' fees.

31. Penalties and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction. See *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Malone v. Scottsdale Ins. Co.*, No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) ("Claims for attorney's fees and penalties that may be awarded pursuant

6

to state statutes are considered in determining whether the amount in controversy requirement has been satisfied."); *Randall v. State Farm Fire & Cas. Co.*, No. 11-1358, 2011 WL 3204705, at *2 n. 17 (E.D. La. July 27, 2011).

32. Accordingly, the penalties requested in this case swell the amount in controversy for Plaintiff's claims well beyond the approximately $144,078.45 in alleged damages (in addition to the other unspecified monetary damages, such as other structures, personal property, and bad faith penalties). By way of example, the 50% penalty under La. R.S. 22:1892 would be approximately $72,039.22 swelling the amount in controversy to over $216,117.68 before consideration of Plaintiff's claim for attorneys' fees and other damages.

33. Plaintiff's estimate of $204,990.10 plus damages for other structures, personal property, and bad faith penalties provides evidence that the amount-in-controversy exceeds $75,000.

## **CONCLUSION**

34. In sum, there exists complete diversity of citizenship between Plaintiff and USAA CIC, and Plaintiff's damages estimate plus claims other structures, personal property damages, and bad faith penalties and fees establishes that the amount-in-controversy exceeds $75,000. These facts confer upon this Court original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

*[Signature on following page]*

Respectfully submitted,

*/s/ Stephen L. Miles*
H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 1800
New Orleans, LA 70163
Telephone: 504-322-7070
Facsimile: 504-322-7520
mpipes@pipesmiles.com
smiles@pipesmiles.com

*Counsel for Defendant, USAA General Indemnity Company*